(109 App. Div. 654)

### BACH v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.   December 8, 1905.)

**1. EVIDENCE—EXPERT TESTIMONY—HYPOTHETICAL QUESTIONS.**

Hypothetical questions, asked of a physician based on the circumstances in evidence and the results of his examinations of the patient, were proper, where the physician had in his previous testimony fully stated the results of his examinations and said that he had observed nothing else than testified to by him.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2367, 2369, 2370.]

**2. SAME—TESTIMONY FROM PERSONAL KNOWLEDGE.**

A physician who has personally examined a patient may testify upon his personal knowledge to the existence of a certain disease in the patient.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2365.]

**3. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Permitting a physician to answer a hypothetical question, based on his own examination of the patient, the results of which he had not detailed in his testimony, further than to state his conclusion that neurasthenia existed, was harmless, where the physician had previously testified upon his personal knowledge and without objection to the existence of neurasthenia.

**4. SAME—CURE OF ERRORS.**

Error in permitting a physician to answer a hypothetical question based on the undisclosed results of a personal examination of the patient made by him was cured, where the physician was subsequently recalled and testified without objection to the details and results of such examination.

Appeal from Trial Term, Queens County.

Action by Lidwina Bach against the Brooklyn, Queens County & Suburban Railroad Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.
William F. Walsh, for respondent.

RICH, J.   This action was brought to recover damages for a personal injury received by plaintiff, who was a passenger upon one of defendant's cars, through a collision of the car with a loaded wagon passing along the street.   Upon the trial the plaintiff had a verdict for $1,500, and from the judgment accordingly entered and from an order denying defendant's motion for a new trial, this appeal is taken.

No question of the liability of defendant is raised.   The appellant presents two questions only.   Dr. Louis F. Licht was called as a witness by plaintiff, and testified that he attended her first on the day after she was injured.   After detailing minutely the conditions he then found as a result of his examination of her person, he testified that he did not observe anything else.   He continued to attend her every day for about two weeks, made calls thereafter every other day for about ten days, and after that saw her at irregular intervals down to the time of the trial.   The witness described the several examinations he made and

her condition and symptoms as he observed them on these several occasions.    He then testified:

"I have made a careful examination of her within the last few days. That examination was made three days ago.   At that time I made an external examination, which did not bring out anything.   I then made an internal examination, which did not elicit very much; but the examination of the nervous system brought out very pronounced neurasthenia."

Four hypothetical questions were then asked the witness by counsel for the plaintiff, in each of which his personal knowledge of plaintiff's condition and symptoms, ascertained through his examinations, were united with assumed facts which were clearly established by the testimony of plaintiff and her witnesses.   To these questions the defendant objected upon the ground that they were improper and incompetent, and assumed facts not proven.   The objections were severally overruled, the answer of the witness received, and exceptions to the rulings duly taken.   The first question called for the opinion of the witness as to what the plaintiff was suffering from, and his answer was, "She suffers from neurasthenia."   This question also contained the following sentence:   "And also taking into consideration the examination which you made three days ago."   The second question asked for the prognosis of the case, and the answer of the witness was, "The prognosis is poor in such cases."   This question contained the sentence:   "Taking into consideration all that you have observed in your examinations, and assuming," etc.   The third question was what length of time the witness could state with reasonable certainty the plaintiff would continue to suffer from her present trouble, and the answer was:

"It might be a whole lifetime.   It might be ten years.   *   *   *   The probabilities are that she will certainly not recover before five years.   It might be ten years, and still be longer than that."

This question contained the sentence:

"Taking into consideration what you observed during your treatment of Mrs. Bach, and taking also into consideration what you saw and what you observed on your final examination made three days ago."

The fourth question was whether such an accident as plaintiff claimed to have sustained would be a competent producing cause for the condition in which the witness found her.   The answer was, "No doubt it could."   This question contained the following sentence:   "Taking into consideration the results of all your examinations of Mrs. Bach," etc.

The appellant's contention is that the sentences quoted rendered the questions asked improper and incompetent, "in that they permitted the witness to base his opinion on facts outside of the hypothetical questions, and on facts which the jury did not have before them in the hypothetical questions."   So far as the questions were based on the personal knowledge of the witness, acquired by his examination of the plaintiff when first called and down to the time of the last examination, they were proper, although not in terms limited to the ascertained facts as testified to by the doctor, for the reason that he had fully stated the results and conditions from such examinations, and excluded all others by his testimony that he "observed nothing else."   The jury

therefore had before them the full and entire facts upon which the questions were formulated and the answers of the witness predicated.

The results of the examination made by the witness three days before the trial he had not testified to, and whatever conditions he had discovered as the result of such examination were not disclosed. His testimony on that subject was limited to his conclusion that neurasthenia existed, which conclusion was predicated on the undisclosed results of the examination. In each of the four questions stated the witness was directed to take into consideration his observations and what he saw and discovered on the final examination, and to that extent the witness in answering was permitted to consider facts not then proven; but he had already testified to the existence of neurasthenia, without objection, before the questions were asked, and his determination of the existence of that disease was based upon his personal knowledge derived from personal examinations which clearly made him a competent witness upon this subject, without reference to the facts he was asked to assume. The addition of superfluous assumed facts in the form of a hypothetical question did not destroy the competency of the evidence sought, and its admission in no manner prejudiced the defendant's rights, and, even if it did, the error was cured by recalling the witness, who testified, without objection, what he did and discovered on the examination referred to, his evidence closing with the statement:

"As a result of my testing I think the symptoms of neurasthenia were absolutely clear."

The jury thus had before them all the facts included in the hypothetical questions.

We do not think the damages awarded by the jury excessive, in view of the plaintiff's condition at the time of the trial.

The judgment and order appealed from must be affirmed, with costs. All concur.